## SPERRY PRODUCTS, Inc., v. ASSOCIA-TION OF AMERICAN RAILROADS et al.

District Court, S. D. New York.

Aug. 21, 1944.

Stephen H. Philbin, of New York City (Russell Wiles, of Chicago, Ill., and John B. Cunningham, of New York City, of counsel), for plaintiff.

George E. Middleton, of New York City (L. B. Mann and Robert C. Brown, Jr., both of Chicago, Ill., of counsel), for defendants.

CONGER, District Judge.

Plaintiff brought action in the Southern District of New York against this defendant and others charging infringement. The causes of action against the other defendants have been disposed of so that now there is nothing before this court except the cause against the Association of American Railroads.

After service of process upon it this defendant appeared specially and moved to dismiss the complaint on the ground of improper venue, because the Association was not an inhabitant of the Southern District of New York within the meaning of the statute, 28 U.S.C.A. § 109.

It should be noted that the Association is an unincorporated voluntary association of about 200 railroad companies and that the complaint does not charge an act of infringement in the Southern District of New York.

The motion to dismiss was argued before me. Plaintiff argued that the Association was properly sued in this District on the theory that the Association was an "inhabitant" of any district in which one of its members was an "inhabitant" and second, that if that was not true the action might be treated as a class suit under Federal Rules of Civil Procedure, rule 23(a) (3), 28 U.S.C.A. following section 723c, and might be brought wherever any member of the class could be sued. At least one of the members of the Association and a defendant herein, the Long Island Railroad Company, was an inhabitant of this District.

I disagreed with plaintiff and dismissed the complaint as to Associated. I held against plaintiff on both of its theories. The question presented was rather novel. There was a dearth of precedent.

On appeal, the Circuit Court reversed the judgment entered upon my decision. Sperry Products, Inc., v. Association of American Railroads, et al., 2 Cir., 132 F.2d 408, 145 A.L.R. 694.

In its opinion the Circuit Court did not pass on the merits of the controversy, i. e. it did not say that the action was properly brought against the Association in this District. It did not adopt plaintiff's theory but held against it. It laid down the law as to where an unincorporated association might be sued in a patent case. It held that a patentee could sue an unincorporated association where (a) it had its principal place of business (b) or at any of the regular and established places of business where it may have infringed. (b) has no application here because there was no infringement in this District alleged in the complaint.

The Court in its opinion of reversal gave this direction: " * * * if it (plaintiff) wishes to proceed against the Association the issue should first be tried whether its principal place of business is within the Southern District of New York." I think it will be conceded by both parties herein

that if Plaintiff is not able to sustain that issue its action must fail for lack of venue.

This matter came before me to settle the order on mandate presented by defendant and to settle an order dismissing the complaint against the Association.

Plaintiff appeared and conceded that the Association does not have its principal place of business within the Southern District of New York and waived its right to the preliminary trial on the question of venue and presented an order dismissing the complaint without costs.

Defendant does not object to the dismissal but does object to it unless the dismissal is with prejudice or failing that terms and conditions should be imposed, which in this case would be reimbursement to defendant for its very considerable expense in connection with this litigation.

Plaintiff's stand herein would be justified if this dismissal at issue comes within the provision of Rule 41(a) (1) (ii).

The sole question is whether this is a voluntary dismissal (as contended by defendant) or an involuntary one (as contended by plaintiff).

Under the decision of the Circuit Court the first thing to do was to have a trial of this one issue, i. e.: Is the principal place of business of Association in the Southern District of New York? An affirmative answer by the Court to this issue would then allow the case to go to trial on the merits. A negative answer would result in a judgment of dismissal against plaintiff for improper venue. (Not an adjudication on the merits).

As I see it under the circumstances, plaintiff had several procedures open to it: (1) It could sit tight and make no move, in which case defendant could move for dismissal for lack of prosecution or it could notice this issue for trial. (2) It could formally move to try this issue of venue, and then when the trial opened either stand mute or tell the court that it had no evidence and that it was forced to concede that the Association's principal place of business was not in the Southern District of New York, in which event the Court would enter a judg-ment of dismissal of the action for lack of proper venue and not on the merits, F.R. C.P. 41(b) or (3), without formally no-ticing the issue of venue for trial, but by notice of motion come into Court and say: "We concede that Association does not have its principal place of business in the South-ern District of New York. We waive the right to the preliminary trial on the ques-tion of venue. We present this order of dismissal." This may not be the most order-ly way but certainly it obviates the useless gesture of noticing for trial an issue which it knows it cannot sustain.

I do not regard this as a voluntary dismissal. Plaintiff's whole argument before me was not a request to be relieved from going on. As a matter of fact under the conceded fact the case could not go on. Plaintiff argued that it was unable to offer any evidence at the hearing provided for in the opinion and mandate of the Circuit Court of Appeals.

I regard this as an involuntary dismissal exactly as though plaintiff had appeared at the special hearing to try the issue of venue and had failed. Therefore, any judgment rendered by me must be without prejudice and not upon terms. Rule 41, F.R.C.P. (b). I feel that I have no discretion to impose terms of any kind except perhaps the fixed statutory costs which in this case are very small and which Defendant has not asked for.

Defendant complains that plaintiff picked out this District to start this action when it knew that it could have sued in the Northern District of Illinois, and that as the result of abortive attempts to sue over in the District of Columbia and in this District defendant has been put to great expense with no definite result to either party.

While I have sympathy for the defendant I feel they are circumstances that I have no right to consider. My decision is that this is an involuntary dismissal. I feel that I have no discretion except to permit judgment to be entered against the plaintiff without costs, except perhaps statutory costs and without prejudice.

So ordered.

Submit judgment on 5 days' notice.